IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK and DENISE SMITH | ) |
| | ) |
| v. | ) NO. 3-10-0800 |
| | ) JUDGE CAMPBELL |
| AMERICA'S WHOLESALE LENDER, | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Realign Parties (Docket No. 154). For the reasons stated herein, Plaintiffs' Motion is DENIED.

Plaintiffs ask the Court to realign the parties so that Defendants are Plaintiffs and Plaintiffs are Defendants. Plaintiffs assert that because Defendants are seeking affirmative relief through foreclosure, Defendants are actually Plaintiffs who bear the burden of proof in this action. Plaintiffs are incorrect.

The cases cited by Plaintiffs are cases in which parties were realigned for jurisdictional purposes. For example, in *City of Indianapolis v. Case National Bank of City of New York*, 62 S.Ct. 15 (1941), the Court held that *to sustain diversity jurisdiction*, there must be an actual and substantial controversy between citizens of different states. *Id*. at 69. In *United States Fidelity and Guaranty Co.*, 955 F.2d 1085 (6th Cir. 1992), the court was considering the district court's "substantive determination to realign the parties in this action, thereby destroying diversity jurisdiction and requiring dismissal of the case." *Id.* at 1088. In *City of Vestavia Hills,* 676 F.3d 1310 (11th Cir. 2012), the court was "[w]eighing the propriety of the district court's decision to realign the parties and deny Vestavia Hills's motion to remand." *Id*. at 1313.

Plaintiffs' Second Amended Complaint (Docket No. 120) alleges that jurisdiction is proper

in this Court pursuant to 28 U.S.C. § 1331, federal question jurisdiction. Plaintiffs contend that Defendants violated the Federal Fair Debt Collection Practices Act. There is no allegation of diversity jurisdiction. Moreover, Plaintiffs do not ask the Court to realign the parties for jurisdictional purposes; Plaintiffs want the Court to realign the parties for purposes of the burden of proof.

Plaintiffs initiated this action and bear the burden of proving their claims. Defendants bear the burden of proving their defenses. For these reasons, Plaintiffs' Motion to Realign the Parties is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE