IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK and DENISE SMITH | ) |
| | ) |
| v. | ) NO. 3-10-0800 |
| | ) JUDGE CAMPBELL |
| AMERICA'S WHOLESALE LENDER, | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 135). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiffs' Second Amended Complaint (Docket No. 120) alleges twelve causes of action against Defendants based upon a loan transaction between Plaintiffs and America's Wholesale Lender in September of 2002. The Note and Deed of Trust at issue are attached as Exhibits to the Second Amended Complaint and, therefore, may be considered on this Motion to Dismiss.

Although Plaintiffs allege various improper transfers and assignments by Defendants, their underlying contention is that the loan (the alleged contract between Plaintiffs and Defendants) was void from the beginning because there was never a "meeting of the minds." For purposes of this lawsuit, Plaintiffs have conceded that the loan documents permitted Defendants to sell their interest in Plaintiffs' loan and to engage a loan servicing company to assist the Defendants. *See* Docket No. 137, p. 14.

Plaintiffs argue, however, that they always believed their loan would be sold "in the

traditional sense," whereby the new lender would be willing to work with Plaintiffs toward a modification. Plaintiffs contend that they were misled by Defendants because no one told them that transferring the loan could leave them in a "completely different position" with the new owner than the position they agreed to in the original documents. Docket No. 137, p. 6. Because the loan was void from the beginning, Plaintiffs argue, all subsequent transfers and actions related to the loan were taken without authority and were also void.

Defendants have moved to dismiss Plaintiffs' claims, asserting that Plaintiffs explicitly agreed in the loan documents that the loan could be sold and that Plaintiffs could have to deal with a loan servicer in relation to their loan. Therefore, Defendants contend, all assignments, transfers and sales of the loan were valid and Plaintiffs' claims must fail.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

DISCUSSION

Plaintiffs' Response to Defendants' Motion makes clear that Plaintiffs are not claiming that the sale or transfer of their loan was illegal. Rather, Plaintiffs contend that their loan documents were void from the beginning because Defendants misled Plaintiffs about the relationship Plaintiffs would have with any subsequent lender or loan servicer. Specifically, Plaintiffs aver that they never knew subsequent lenders or loan servicers would have no authority to modify the contractual terms. Plaintiffs have stated that they "believed they would have a relationship with a party they could talk to and negotiate with in the future should the need arise." Docket No. 137, p. 7.

What Plaintiffs fail to note, however, is that neither the Note nor the Deed of Trust gives Plaintiffs any right to negotiate with the lender or to amend, modify or alter the terms of their loan. Therefore, if the original lender was not required to negotiate with Plaintiffs, the fact that subsequent lenders or loan servicers could not negotiate with Plaintiffs does not put Plaintiffs in "a completely different position," as they claim. In other words, amending, modifying or altering the loan is not something to which Plaintiffs were entitled under the Note or Deed of Trust either before or after the loan's transfer. Plaintiffs have not cited to any provision to the contrary in the Note or Deed of Trust.

Moreover, to the extent Plaintiffs argue that the loan servicing companies have a different financial interest in enforcing the loan than did the original lender, Plaintiffs have not shown that Defendants had a duty to further explain loan servicing to Plaintiffs.

Because Plaintiffs admit they agreed that the loan could be sold and a loan servicing company could administer the loan, and because Plaintiffs were never entitled to negotiate or to have the loan modified, altered or amended, the original contract was not void from the beginning and the transfers and assignments thereafter were not unauthorized. The basis for Plaintiffs' claims lacks merit.

3

Accordingly, Defendants' Motion to Dismiss is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

                                                                  _____
                                                                  TODD J. CAMPBELL
                                                                  UNITED STATES DISTRICT JUDGE